FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMMIE Y., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:22-CV-00126-RHW <br><br> REPORT AND RECOMMENDATION |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Jordan Goddard represents Ammie Y. (Plaintiff); Special Assistant United States Attorney Erin F. Highland represents the Commissioner of Social Security (Defendant). This matter was referred to the undersigned magistrate judge for issuance of a report and recommendation. ECF No. 17. After reviewing the administrative record and the briefs filed by the parties, the Court **RECOMMENDS** Plaintiff's Motion, ECF No. 13, be denied and Defendant's Motion, ECF No. 14, be granted.

## I. JURISDICTION

Plaintiff protectively filed an application for Supplemental Security Income on December 23, 2015, alleging disability since January 1, 2014. Tr. 25, 222, 526-34. The applications were denied initially and upon reconsideration.

REPORT AND RECOMMENDATION . . . - 1

Tr. 251-54, 259-61.  An Administrative Law Judge (ALJ) held a hearing on December 18, 2018, another ALJ held a supplemental hearing on June 27, 2019, Tr. 60-100, and that ALJ issued an unfavorable decision on August 22, 2019.  Tr. 219-43.  Plaintiff requested review by the Appeals Council and on July 29, 2020 the Appeals Council vacated the decision and remanded the case to an ALJ.  Tr. 244-50.  Administrative Law Judge (ALJ) Lori Freund held a hearing on January 13, 2021, and a supplemental hearing on September 27, 2021, Tr. 101-88, and the ALJ issued an unfavorable decision on November 23, 2021.  Tr. 22-47.  Plaintiff requested review by the Appeals Council and the request for review was denied on May 2, 2022.  Tr. 1-6.  The ALJ's November 23, 2021 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on May 23, 2022.  ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and only briefly summarized here.  Plaintiff was born in 1987 and was 28 years old on the date the application was filed.  Tr. 37.  She has a high school education.  *Id*.

## III.    STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098.

Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d

REPORT AND RECOMMENDATION . . . - 3

386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.    ADMINISTRATIVE DECISION

On November 23, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 22-47.

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date, December 23, 2015. Tr. 27.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, major depressive disorder, generalized anxiety disorder, and anti-social personality disorder. Tr. 28.

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 29.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, except:

> [Plaintiff] could stand and/or walk up to two hours and sit up to six hours in an eight-hour workday; she should avoid climbing ladders, ropes, or scaffolds; she should avoid all exposure to unprotected heights and hazards; she could occasionally operate foot controls with the left lower extremity; she would be limited to simple, repetitive tasks; she should work away from the general public; and she could have occasional interaction with co-workers.

Tr. 31.

At *step four*, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 37.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national

1  economy, including the jobs of production assembler, electrical accessories
2  assembler, and electronic bench worker. Tr. 38.
3        The ALJ thus concluded Plaintiff was not under a disability within the
4  meaning of the Social Security Act at any time from at any time from the date the
5  application was filed through the date of the decision. Tr. 39.

### VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability benefits under Title XVI of the Social Security Act. The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review: (1) whether the ALJ properly evaluated the medical opinion evidence; and (2) whether the ALJ failed to properly assess Plaintiff's ability to interact with supervisors. ECF No. 13 at 1.

### VII.   DISCUSSION

**A.**    <u>**Medical Opinion Evidence**</u>.

Plaintiff contends the ALJ erred in the analysis of the medical opinions of Thomas Genthe, Ph.D., and Faren Akins, Ph.D. ECF No. 13 at 13-19. For claims filed prior to March 2017, there are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not . . . and to the

REPORT AND RECOMMENDATION . . . - 5

opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).  If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss,* 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews*, 53 F.3d at 1041.  An ALJ may reject the opinion of a nonexamining physician by reference to specific evidence in the medical record.  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations omitted).

    1.    <u>**Dr. Genthe.**</u>

On March 20, 2017, Dr. Genthe conducted a psychological evaluation on behalf of Washington State DSHS and rendered an opinion on Plaintiff's level of functioning.  Tr. 1243-49.  Dr. Genthe diagnosed Plaintiff with major depressive disorder, unspecified, and a panic disorder.  Tr. 1245.  He opined Plaintiff had marked limitation in her ability to complete a normal workday and work week without interruptions from psychologically based symptoms, and in her ability to set realistic goals and plan independently; and moderate limitation in her ability to understand, remember, and persist in tasks by following detailed instructions, to adapt to changes in a routine work setting, communicate and perform effectively in

a work setting, and maintain appropriate behavior in a work setting. Tr. 1246. He indicated the overall severity of her impairments was marked, and that her limitations were not primarily the result of alcohol or drug use within the past 60 days. *Id*. He opined vocational training or services would minimize barriers to employment. *Id*. Dr. Genthe noted Plaintiff "presented with primary medical claims as the reasons why she was currently not employed" and he deferred to medical specialists. *Id*. He also noted "from a mental health perspective, she reported a history of clinical depression and recurrent panic attacks, which is not surprising, given that she is dealing with cancer" and also noted that she "elected to answer only 50% of the questions on the PAI, which makes it impossible to derive useful clinical information." *Id*. He opined "her psychological symptoms appear to have considerably impacted her daily activities and level of functioning," that her symptoms were not managed at that time, and he recommended a psychiatric consultation and referral for counseling. *Id*. He opined her prognosis was poor, "based on her not tolerating psychotropic medication . . . she is unlikely to function adequately in a work setting until her psychological symptoms have been managed more effectively." *Id*. The ALJ gave Dr. Genthe's opinion little weight. Tr. 36.

      The ALJ gave Dr. Genthe's opinion little weight because he did not review any of Plaintiff's previous records and relied solely on her self-reported symptoms and presentation, which the ALJ found were inconsistent and overstated during psychological evaluations. *Id*. The extent to which a medical source is "familiar with the other information in [the claimant's] case record" is relevant in assessing the weight of that source's medical opinion. *See* 20 C.F.R. § 416.927(c)(6). Further, an ALJ need not accept the opinion of any physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (internal quotation marks and brackets omitted). Here, Dr. Genthe's own objective findings upon mental status exam were generally normal; he observed

REPORT AND RECOMMENDATION . . . - 7

Plaintiff's appearance and speech were normal, she had a cooperative and friendly attitude along with normal thought content and perception. Tr. 1247-48. While her affect was observed as tearful, Dr. Genthe noted she reported her mood as "pretty good"; and she was able to concentrate and spell the word "world" forwards and backwards. *Id*. Dr. Genthe noted:

> Her level of understanding about factors contributing to her illness is good to fair. Her level of understanding of need for treatment is good. The potential that she will be or would be treatment compliant is good. Her level of social maturity is good to fair.

Tr. 1248.

In terms of reliance on Plaintiff's reports, the ALJ explained that "while an individual's self-reported symptoms are not inherently unreliable," Plaintiff had inconsistent reports of physical impairment. Tr. 36. Dr. Genthe explained that Plaintiff "elected to answer only 50% of the questions on the PAI, which makes it impossible to derive useful clinical information"; and as discussed above, his findings upon formal mental status exam were generally normal. Tr. 1246-48. The Court also notes Dr. Genthe's report that "when asked about her perception what might be causing her problems, she said 'the fact that I am dying." Tr. 1243. Dr. Genthe later concluded her reports of depression and recurrent panic attacks were "not surprising, given that she is dealing with cancer." Tr. 1246. The ALJ found Plaintiff's intermittent thrombocytosis nonsevere, however, and records show a chronic/intermittent condition since 2007 with no treatment indicated aside from yearly blood testing. *See e.g.*, Tr. 1124-25, 1137, 1143, 1597.

The ALJ reasonably gave Dr. Genthe's opinion little weight because he was not familiar with Plaintiff's record and relied on her self-reported symptoms and presentation. On this record, these were specific and legitimate reasons for the ALJ to discount Dr. Genthe's opinion.

The ALJ also gave Dr. Genthe's opinion little weight because it was inconsistent with her presentation elsewhere in the record at other exams. Tr. 36. An ALJ may discredit physician's opinions that are unsupported by the record as a whole. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here the ALJ noted Plaintiff's typically normal behavior at appointments, where "plaintiff frequently presented to other treating and examining providers in no distress and with a normal mood, cooperative and pleasant behavior, normal speech and eye contact, full orientation, intact concentration, logical thought process, and normal memory." Tr. 36 (citing Tr. 1118, 1124, 1132, 1142, 1148, 1186, 1221, 1222, 1226, 1289, 1291, 1304, 1389, 1418, 1568, 1582, 1591, 1596, 1602, 1628, 1688, 1987, 2023, 2037, 2104, 2177, 2259, 2406, 2731, 2753, 2885). The ALJ also noted, for example, at a psychological evaluation with Dr. Metoyer in 2019 Plaintiff had appropriate clothing, cooperative and engaged behavior, no evidence of psychomotor agitation, upbeat affect, normal speech, goal-directed thought process, and no signs of suicidal or homicidal ideation; and she demonstrated full orientation, intact memory, good fund of knowledge, intact concentration, appropriate abstract thinking, and appropriate insight and judgement. Tr. 36 (citing Tr. 1267-68). As discussed *supra*, Dr. Genthe's own mental status exam also showed few abnormal findings. Ultimately, the ALJ reasonably gave Dr. Genthe's opinion little weight because it was inconsistent with Plaintiff's presentation at exams throughout the record, and these were specific and legitimate reasons to discount his opinion.

2. **Dr. Akins.**

After the January 2021 hearing, the ALJ submitted interrogatories to Dr. Akins on March 4, 2021, to assist in determining Plaintiff's mental RFC. Tr. 37, 3547-57. Dr. Akins replied in a letter/report dated March 25, 2021. Tr. 3559-62. Dr. Akins opined the record supported diagnoses of major depressive disorder;

REPORT AND RECOMMENDATION . . . - 9

anxiety disorder; undersocialized conduct disorder, aggressive type; panic disorder, generalized anxiety disorder, obsessive-compulsive disorder; and PTSD. Tr. 3559. Dr. Akins opined Plaintiff did not meet or equal any listing or combination of listings. Tr. 3561. Dr. Akins opined Plaintiff's work-related limitations "would include a prohibition against situations requiring persistent activity, complex tasks, task pressure, and interaction with other individuals (according to [Dr. Metoyer's evaluation at Tr. 1269])." Tr. 3562 (citing Tr. 1269). Dr. Akins opined "[c]onversely, [Plaintiff] should be able to handle simple, repetitive tasks involving limited interactions with other people, under circumstances not involving production quotas or high task timing requirements." Tr. 3562. The ALJ gave Dr. Akins's opinion some weight, "as he was the only psychologist who reviewed the record and is familiar with Social Security Regulations"; the ALJ concluded, however, that "[Dr. Akins] reliance on Dr. Metoyer's opinion and Dr. Genthe's conclusions in part indicates that his own opinion is not fully supported by the record." Tr. 37.

Plaintiff contends the ALJ erred in failing to identify specific evidence discrediting the elements of Dr. Akins' opinion that were rejected and failing to explain why certain elements of Dr. Akins' opinion were reliable "but the specific prohibitions of production quotas and high task timing requirements were not, as well as the limitation on interaction with supervisors implied by the general restriction on social interaction." ECF No. 13 at 16. Defendant contends the ALJ reasonably assigned some weight to this opinion but determined it was not entitled to full weight because Dr. Akins based his opinion on other opinions that were not fully supported by the record. ECF No. 14 at 13-14.

"[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). To the extent the evidence could be interpreted differently, it is

the role of the ALJ to resolve conflicts and ambiguity in the evidence. *Morgan*, 169 F.3d at 599-600. Here, the ALJ found Dr. Akins' opinion was due only some weight because he relied, in part, on the opinions of Dr. Genthe and Dr. Metoyer. As discussed *supra*, the ALJ reasonably discounted the opinion of Dr. Genthe. The ALJ determined consultative examiner Dr. Metoyer's opinion was due partial weight; the ALJ explained she declined to give the opinion full weight because it was internally inconsistent, inconsistent with Plaintiff's presentation at the evaluation, and inconsistent with her activities such as owning a business. Tr. 36. As discussed *supra* in relation to Dr. Genthe's opinion, the ALJ also noted Dr. Metoyer's generally normal findings upon mental status exam. Tr. 36 (citing 1267-68).

While Plaintiff challenges the ALJ's assessment of Dr. Genthe and Dr. Akins' opinion, Defendant points out Plaintiff failed to challenge any of the reasons the ALJ set forth in finding Dr. Metoyer's opinion unpersuasive, and thus any challenge to those findings is waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief).

The ALJ explained that while Dr. Metoyer found moderate limitations in completing a normal workday or workweek and opined Plaintiff would have marked difficulty dealing with stress in the workplace, Dr. Metoyer also opined she had "no or mild limitation in mental functioning overall." Tr. 36. The ALJ concluded these findings were inconsistent, but that "viewing the evidence in the light most favorable to claimant" the Plaintiff "would be best suited to simple, repetitive tasks. Her anxiety and personality disorder supports work away from the general public and no more than occasional interaction with co-workers." *Id*.

REPORT AND RECOMMENDATION . . . - 11

Ultimately, the ALJ reasonably concluded Dr. Akins' opinion was due only some weight because Dr. Akins relied, in part, on the opinions of Dr. Genthe and Dr. Metoyer, who the ALJ discounted or discounted in part. Where evidence is subject to more than one rational interpretation, the ALJ's conclusion will be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (recognizing the court only disturbs the ALJ's findings if they are not supported by substantial evidence). Here, the ALJ reasonably determined Dr. Akins' opinion was due only some weight because Dr. Akins relied on other opinions that were not fully supported by the record, specifically the opinions of Dr. Genthe and Dr. Metoyer, and the ALJ's conclusion is supported by substantial evidence. Plaintiff is not entitled to remand on these grounds.

B.  **RFC/Limitations.**

Plaintiff contends the ALJ also failed to discuss Plaintiff's ability to interact with supervisors. ECF No. 13 at 3-6. After step three of the sequential evaluation, the ALJ must determine the claimant's RFC. 20 C.F.R. § 416.920(a)(4)(iv). "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds*, 807 F.3d at 1006. The ALJ's RFC, however, need only include those limitations found credible and supported by substantial evidence. *Bayliss*, 427 F.3d at 1217. To the extent the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *Morgan*, 169 F.3d at 599-600.

Plaintiff contends the nature of Plaintiff's impairments impacted her ability to respond appropriately to supervision, and the ALJ was therefore required to discuss Plaintiff's capabilities and limitations in regard to supervision. ECF No. 13 at 6. Defendant contends the ALJ's RFC finding sufficiently accounted for Plaintiff's social limitations. ECF No. 14 at 2-6.

In assessing the severity of Plaintiff's mental impairments, the ALJ determined Plaintiff had a moderate limitation in interacting with others. Tr. 30. The ALJ noted Plaintiff's activities, her report to Dr. Genthe that she had no difficulty getting along with others, and Dr. Akins' explanation that she had been arrested 10 times, which Dr. Akins' found consistent with a conduct disorder but only mild to moderate limitation in interacting with others. Tr. 30 (citing Tr. 3560-61). Elsewhere in the decision, the ALJ concluded examining psychologist Dr. Metoyer's opinion was due partial weight, a finding Plaintiff has not challenged; and the reviewing psychologist, Dr. Akins, also indicated he based his findings on Dr. Metoyer's opinion that Plaintiff had moderate limitation in her ability to interact with coworkers and the public and could handle limited interactions with other people. Tr. 36-37, 3561-62.

The ALJ concluded that "her anxiety and personality disorder supports work away from the general public and no more than occasional interaction with co-workers," and determined Plaintiff's RFC included the limitation she could have occasional interaction with co-workers. Tr. 31, 36. The ALJ's finding is reasonable.

While Plaintiff contends the ALJ erred in failing to discuss supervision or supervisors, none of the medical opinions specified limitations or difficulty with supervisors; and at one point Dr. Metoyer indicated Plaintiff had *no* limitation in her ability to interact appropriately with supervisors. Tr. 1263, 1269, 3562. Defendant points out Plaintiff also reported she had no difficulty getting along with others including authority figures. ECF No. 14 at 4 (citing Tr. 598). While Plaintiff equates a history of multiple arrests with inability to respond appropriately to supervision at work, Dr. Akins indicated Plaintiff's arrest history was consistent with a conduct disorder but only mild to moderate limitation in interacting with others. Tr. 30 (citing Tr. 3560-61). Further, at numerous mental and physical

REPORT AND RECOMMENDATION . . . - 13

exams cited by the ALJ Plaintiff was observed as "cooperative and friendly," "pleasant and interactive" or "appropriately interactive," with appropriate affect, good eye contact, and normal mood and affect. *See, e.g.*, Tr. 1248, 1291, 1304, 1418, 1568, 1582, 1591, 1596, 1602, 1628, 1688, 2023, 2177, 2259, 2731, 2885. In 2020, her primary care provider also noted Plaintiff was able to "sit professionally and voice her concerns and follow directions," and the provider noted her mood and affect appeared normal and she had good eye contact. Tr. 3390, 3392.

While the record shows some difficulties with social functioning, the ALJ's finding Plaintiff was limited to work away from the general public with no more than occasional interaction with co-workers adequately incorporated Plaintiff's limitations and is a reasonable interpretation of the record including the medical opinion evidence. The ALJ has the discretion to evaluate and weigh the evidence and the Plaintiff's alternative interpretation of the evidence does not undermine the ALJ's analysis. Even if the medical evidence could be interpreted more favorably to Plaintiff, if it is susceptible to more than one rational interpretation, the ALJ's ultimate conclusion must be upheld. *Burch*, 400 F.3d at 679. Plaintiff has not demonstrated the ALJ erred in his RFC assessment, and the Court finds the RFC adequately addressed the evidence of record and the ALJ sufficiently accounted for Plaintiff's social limitations.

The ALJ's findings are reasonable and supported by substantial evidence and Plaintiff is not entitled to remand on these grounds.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, **IT IS HEREBY RECOMMENDED** Plaintiff's Motion for Summary Judgment, **ECF No. 13**, be **DENIED**; Defendant's Motion for Summary

Judgment, **ECF No. 14**, be **GRANTED**; and the District Court Executive enter **Judgment in favor of Defendant.**

## IX.  OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof.  Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor.  Any response to the objection shall be filed within fourteen (14) days after receipt of the objection.  Attention is directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination.  The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon.  The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions.  *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMJR 2, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

1  The District Court Executive is directed to file this Report and
2  Recommendation and provide copies to counsel.
3  DATED August 28, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE