FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2023

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMMIE Y.,[1] | No. 2:22-cv-00126-RHW |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **ECF Nos. 13, 14, 21** |

Before the Court is the Report and Recommendation issued by Magistrate

Judge James. A. Goeke on September 11, 2023, ECF No. 22, recommending

Plaintiff's Motion for Summary Judgment, ECF No. 13, be denied and Defendant's

Motion for Summary Judgment, ECF No. 14, be granted.  Plaintiff filed objections

to the Report and Recommendation and Defendant responded.  ECF Nos. 22, 23.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned

identifies them by only their first names and the initial of their last names.  *See*

LCivR 5.2(c).

ORDER - 1

After reviewing the Report and Recommendation, the Court finds the Magistrate

Judge's recommendation is correct.  Therefore, the Court adopts the Report and

Recommendation in its entirety, albeit with the additional explanation below.

The RFC limits Plaintiff's interaction with coworkers and the public, but not

supervisors.  Tr. 31.  Plaintiff argues the ALJ was required to include "some

discussion" of "why she believed that Plaintiff had limitation with respect to

coworkers and the public, but not supervisors," as Dr. Akins assessed mild to

moderate limitations in her ability to interact "with others."  ECF No. 22 at 5.

However, any such error regarding the ALJ's consideration of Plaintiff's social

limitation was harmless because it was inconsequential to the ALJ's ultimate

nondisability determination.  *See Stout v. Comm'r, Soc. Sec. Admin*, 454 F.3d 1050,

1055 (9th Cir. 2006).

The ALJ determined that Plaintiff was capable of performing the jobs of

production assembler, electrical accessories assembler, and electronic bench

worker.  Tr. 38.  According to Appendix B of the Dictionary of Occupational Titles

("DOT"), the fifth number of the nine-digit code reflects the job's relationship to

people.  DOT, App. B—Explanation of Data, People, & Things, *available at* 1991

WL 688701 (1991).  The DOT rates the amount of interaction with people on a

scale of 0–8, with 8 representing the lowest possible level of human interaction

that exists in the labor force.  *See Lane v. Colvin*, 643 F. App'x 766, at *770 n.1

(10th Cir. 2016).  That ranking describes the need to take instructions as only "[a]ttending to the work assignment instructions or orders of supervisor" with "[n]o immediate response required unless clarification of instructions or orders is needed."  DOT, 1991 WL 688701 (1991).  Courts have determined that level 8 interaction is compatible with an RFC limiting a claimant to only superficial contact with coworkers, supervisors, and the public.  *See, e.g.*, *Lisa M. v. Comm'r*, No. 20-cv-0178-MWP, 2021 WL 3513832, at *4 (W.D.N.Y. Aug. 10, 2021) ("Positions categorized as involving level 8 interaction can be performed by individuals who require limited interaction with supervisors.")*; Alie v. Berryhill*, No. 4:16-cv-1353-JMB, 2017 WL 2572287, at *16 (E.D. Mo. 2017) ("Level 8 interaction is compatible with a RFC limiting a claimant to only superficial contact with coworkers, supervisors, and the public.").

All three positions identified by the expert at step five list the type of social interaction required as level 8 and require, at most, minimal amount of interpersonal interaction, including with supervisors. [2]  *See DOT* 706.687-010, *available at* 1991 WL 679074 (1991) (production assembler); 729.687-010, *available at* 1991 WL 679733 (1991) (electrical accessories assembler); 726.687-

---

[2] Moreover, for each of the identified jobs, the DOT states: "People: 8 – Taking Instructions- Helping, N-Not Significant," meaning that interactions with people are not a significant part of the job.

10, *available at* 1991 WL 679633 (1991) (electronic bench worker).  Thus, even if the ALJ erred by failing to discuss and include mild to moderate limitations in interactions with supervisors, the error is harmless because inclusion of that limitation would not alter the ALJ's findings at steps four and five.  *Accord See Kathleen C. v. Berryhill*, No. CV 17-05796-DFM, 2019 WL 10002497, at *3 (C.D. Cal. March 1, 2019); *Whitehorne v. Comm'r of Soc. Sec.*, No. 19-CV-256, 2020 WL 5077025, at * (W.D.N.Y. Aug. 27, 2020) (ALJ's alleged error in limiting interactions with coworkers and general public but not supervisors was harmless where representative occupations could be performed by "individuals who require limited interaction with supervisors").

Accordingly, **IT IS ORDERED**:

1. Plaintiff's objections to the Report and Recommendation, **ECF No. 22**, are **OVERRULED**.

2. The Report and Recommendation, **ECF No. 21**, is **ADOPTED** in its entirety, with the additional explanation herein.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

///

///

ORDER - 4

The District Court Executive is directed to enter this order, **ENTER JUDGMENT** in favor of Defendant, forward copies to counsel and Magistrate Judge Goeke, and **CLOSE THE FILE**.

DATED September 29, 2023.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

ORDER - 5